IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-43-FL

| | |
|---|---|
| JEFFREY TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court upon the motion of counsel for Plaintiff ("counsel") seeking recovery of attorney fees in accordance with the Social Security Act, 42 U.S.C. §§ 206(B) and 406(b). (DE-49). Specifically, counsel seeks $17,651.00, which represents 25% of the back benefits awarded to Plaintiff by the Social Security Administration. *Id*. In response, Defendant suggests that the requested fee award may not be reasonable. (DE-50). Counsel also filed a reply (DE-51). On February 11, 2013 the undersigned ordered counsel to supplement her motion (DE-52), and counsel filed a timely response. (DE-53). Defendant responded to counsel's amended motion. (DE-54). Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this motion has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Counsel's motion (DE's-49, 53) be GRANTED.

**Background**

Plaintiff applied for disability insurance benefits on February 26, 2007, alleging that she became unable to work on February 11, 2007. (Tr. 11). This application was denied in a decision that became final on January 25, 2011. (Tr. 1). On March 1, 2011, Plaintiff entered into a contingency fee agreement with counsel in which Plaintiff agreed to the payment of attorney fees in the amount of 25% of any past due benefits awarded to Plaintiff. (DE-46-4). Counsel filed a motion to proceed *in forma pauperis* on Plaintiff's behalf, along with the proposed underlying complaint in this matter, on March 21, 2011. (DE's -1, 5). Plaintiff's motion for judgment on the pleadings was filed by counsel on August 1, 2011. (DE-40). Defendant filed an unopposed motion for remand pursuant to 42 U.S.C. § 405(g) on September 27, 2011 (DE-42), which was granted on October 3, 2011. (DE-44). Accordingly, the Commissioner's decision was reversed and remanded for further proceedings. (DE-44).

Counsel filed an unopposed motion requesting attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $2,413.09 on November 10, 2011 (DE-46), which was granted on November 14, 2011. (DE-48).

On August 3, 2012, the Social Security Administration issued a fully favorable decision in Plaintiff's case granting benefits from his original alleged onset date of disability. (DE-49-1). Twenty-five percent, $17,651.00, of this award of benefits was withheld for attorney's fees. (DE-49-2). The instant motion requesting an award of attorney's fees in the amount of $17,651.00 was filed on November 16, 2012. (DE-49). The motion was amended on February 26, 2013. (DE-53). In its response to Plaintiff's amended motion, Defendant states "additional calculations . . . indicate that 25 percent of the past-due benefits is $15, 801.50." (DE-54).

**Analysis**

Title 42 § 406(b)(1)(A) provides "[w]henever a court renders a judgment favorable to a claimant . ... who was represented before the court by an attorney, the court may determine and allow ... a reasonable fee for such representation" provided that these fees are not in excess of twenty-five percent of the amount of past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Where attorney fees are awarded under both 28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b)(1)(A), "the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award." Thomas v. Barnhart, 2005 WL 894886, at *2 (W.D. Va. Apr. 18, 2005). In such a case, the "claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted).

Contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* at 807 (concluding that § 406(b) "does not displace contingent-fee agreements .... [but] calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases"). Contingency fee arrangements calling for 25 percent of past due benefits or less require the attorney for a successful claimant to "show that the fee sought is reasonable for the services rendered." *Id.* In analyzing the reasonableness of the fee award, the Gisbrecht court did not provide a definitive list of factors to be considered because the court recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005)(*quoting* Gisbrecht, 535 U.S. at 808). However, the Gisbrecht court noted that a reduction in the contingent fee may be appropriate when: 1) the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) the attorney delayed the proceedings causing the past due benefits to increase during the pendency of

3

the case in court; or 3) the past due benefits awarded are large in comparison to the amount of time counsel spent on the case (i.e., the "windfall" factor). *See*, Mudd, 418 F.3d at 428 (*citing* Gisbrecht, 535 U.S. at 808).

The undersigned finds that the requested attorney fees are reasonable and should be awarded. Counsel has filed the contingent fee agreement entered into between Plaintiff and counsel. (DE-46-4). That agreement explicitly provides that if Plaintiff is awarded past due disability benefits, Plaintiff agrees to pay counsel 25 percent of those benefits. *Id.* The requested fees are thus in accord with the character of the representation. Perrigo v. Astrue, 2012 WL 3903896, * 3 (E.D.N.C. May 22, 2012), *Report and Recommendation Adopted by*, 2012 WL 3903890 (Sept. 7, 2012)(citations omitted). "Deference should be given to the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate and of an attorney's willingness to take the case despite the risk of nonpayment." *Id*. (quotation omitted).

Furthermore, there is no evidence of delay tactics employed by counsel. Defendant's original decision became final on January 25, 2011 (Tr. 1-5). Plaintiff entered into a contingency fee agreement with counsel on March 1, 2011 (DE-46-4), and a proposed complaint was filed on March 21, 2011. (DE's-1, 5). Counsel filed a motion for Judgment on the Pleadings on August 1, 2011 (DE-40), and counsel sought no extensions of case deadlines.

Likewise, "while there is no clear set of criteria for determining when an award would result in a windfall, several factors should be considered." Perrigo, 2012 WL 3903896, * 4 (quotation omitted). These factors include: 1) whether the attorney's efforts were particularly successful for the plaintiff; 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research; and 3) whether the case was

4

handled efficiently due to the attorney's experience in handling social security cases. *Id*. (citation omitted). Here, counsel's efforts were obviously successful. The docket reflects the effort expended by counsel and that the case was handled efficiently. Furthermore, the undersigned has reviewed counsel's reply (DE-51) and amended motion (DE-54). In particular, the amended motion demonstrates counsel's efforts in this case. Finally:

> In finding that counsel did not receive a windfall, the court is mindful that there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.
>
> Perrigo, 2012 WL 3903896, * 4 (quotation omitted)

For these reasons, the requested award would not be a "windfall." Accordingly, the undersigned finds the requested attorney fees to be reasonable and recommends they be awarded. However, based on Defendant's March 5, 2013 filing (DE-54), the undersigned will reduce the amount awarded to $15,801.50.

5

**Conclusion**

For the aforementioned reasons, the undersigned RECOMMENDS the following:

1. Allow Plaintiff's motion (DE-49) and instruct Defendant to release the sum of $15,801.50 to counsel as attorney fees for services rendered before this court;

2. Direct counsel to refund to Plaintiff $2,413.09 in EAJA fees; and

3. Direct the Clerk to close the case.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, March 14, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE